Jacob Markowitz, J.
Defendant moves for dismissal of the complaint for legal insufficiency. Plaintiff, and the individual defendant, had engaged in business through the instrumentality of the defendant corporation as licensed customs broker, registered freight forwarder, and licensed insurance broker. On May 20,1959, plaintiff withdrew from the defendant corporation. Upon such severance the defendant caused to be published in the Journal of Commerce the following notice:
NOTICE
Be informed that Bernard Lang is no longer an employee of this Corporation and is in no way connected with Lang & Marshall Company Inc.
Lang & Marshall Company Inc. has no responsibility for commitments, agreements, undertakings or contracts entered into with Bernard Lang doing business as The Lang Company, or under any other name.
LANG & MARSHALL COMPANY INC.
Customs Brokers . Air Cargo Expediters
Foreign Freight Forwarders Insurance
44 WHITEHALL STREET NEW YORK 4, N. Y.
F. M. B. REG. #1546 WHitehall 3-9440
Plaintiff charges the notice is a violation of his civil rights and is libelous. The use of plaintiff’s name in such notice is *556 not encompassed within the meaning and purport of the Civil Rights Law and is not a violation at all nor is the notice libelous on its face. Plaintiff charges that by the notice the defendant improperly represented the plaintiff as an irresponsible person of questionable integrity who had undertaken or might seek to undertake commitments for the defendant, or the plaintiff had been improperly holding himself out and might hold himself out as connected with the defendant, and that plaintiff at the time of the insertion of the advertisements in the months of July and August, 1959, was not in business for himself but was seeking to do business as an associate of the defendants. Whether the notice is libelous with the aid of the alleged innuendoes is a question of law. The attempted innuendoes, however, change the plain and obvious meaning of the language employed by the defendants and do not fairly explain the natural sense of the notice. (Smith v. Staten Is. Advance Co., 194 Misc. 299, affd. 276 App. Div. 978.)
The motion is granted and the complaint is dismissed with leave to plaintiff to serve an amended complaint.
Settle order.